Holly Roark, ISB# 7143
ROARK LAW OFFICES
950 Bannock St, Ste 1100
Boise, Idaho 83702
Phone: 208.536-3638
Fax: 310.553.2601
holly@roarklawboise.com

Attorney for Defendants

**UNITED STATES BANKRUPTCY COURT**

**THE DISTRICT OF IDAHO**

| | |
|---|---|
| In re:  CLINTON E. MINER, and LORENE BUCKWAY,<br><br>         DEBTORS. | CASE NO. 20-00552-JMM<br><br>CHAPTER 13 |
| KATHLEEN MCCALLISTER, as Chapter 13 Trustee for the above-referenced bankruptcy estate,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN STORER, individually; STORER AND MINER, PLLC, an Idaho professional limited liability company; STORER & ASSOCIATES; and DOES 1-10,<br><br>Defendants. | ADVERSARY CASE NO. 21-06004-JMM<br><br><br>DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT |

COME NOW Bryan Storer, individually, Storer and Miner, PLLC, an Idaho professional limited liability company, and Store & Associates ("Defendants"), by and through their attorney, Holly Roark, and without admitting any liability or damages to Plaintiff, Kathleen McCallister, as Chapter 13 Trustee ("Plaintiff"), and without assuming the burden of proof as to any issue in this

_____

**DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT -1**

litigation, hereby answers Plaintiff's Adversary Complaint (Dkt. 1) ("Complaint") and admits, denies, and alleges as follows:

## NATURE OF COMPLAINT

1. The allegations in Paragraph 1 of the Complaint contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 1 of the Complaint.

## PARTIES

2. With respect to Paragraph 2 of the Complaint, Defendants admit that Bryan Storer is a former business partner of Debtor Clinton Miner but deny that he "owned a fifty percent (50%) interest in Storer & Miner, PLLC" as stated, since the allegation is not a complete statement of the facts. Rather, initially, there was a 70/30 interest where Storer owned 70%. Later, it became a 50/50 split.

3. With respect to Paragraph 3 of the Complaint, Defendants admit that Storer and Miner, PLLC is the former limited liability company owned and operated by Storer and Miner, and that Storer and Miner, PLLC was administratively dissolved by the Idaho Secretary of State on March 7, 2016. Defendants deny the statement "each owning half of the membership interest in the company" since the allegation is not a complete statement of the facts. Rather, initially, there was a 70/30 interest where Storer owned 70%. Later, it became a 50/50 split.

4. With respect to Paragraph 4 of the Complaint, Defendants admit the allegations.

5. With respect to Paragraph 5 of the Complaint, Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 5 of the Complaint and, therefore, deny the same.

6. With respect to Paragraph 6 of the Complaint, Defendants admit the allegations.

## JURISDICTION AND VENUE

7. With respect to Paragraph 7 of the Complaint, Defendants admit the allegations.

_____

**DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT -2**

8. With respect to Paragraph 8 of the Complaint, Defendants admit the allegations.

9. With respect to Paragraph 9 of the Complaint, Defendants admit the allegations.

10. With respect to Paragraph 10 of the Complaint, Defendants admit the allegations.

11. With respect to Paragraph 11 of the Complaint, Defendants admit the allegations.

## GENERAL ALLEGATIONS

12. With respect to Paragraph 12 of the Complaint, Defendants admit the allegations.

13. With respect to Paragraph 13 of the Complaint, Defendants admit the allegations.

14. With respect to Paragraph 14 of the Complaint, Defendants admit the allegations.

15. With respect to Paragraph 15 of the Complaint, Defendants admit the allegations.

16. With respect to Paragraph 16 of the Complaint, Defendants admit the allegations.

17. With respect to Paragraph 17 of the Complaint, Defendants admit the allegations.

18. With respect to Paragraph 18 of the Complaint, Defendants admit the allegations.

19. With respect to Paragraph 19 of the Complaint, Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 19 of the Complaint and, therefore, deny the same.

20. With respect to Paragraph 20 of the Complaint, Defendants admit the allegations.

21. With respect to Paragraph 21 of the Complaint, the Complaint contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. With respect to Paragraph 22 of the Complaint, the Complaint contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. With respect to Paragraph 23 of the Complaint, the Complaint contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. With respect to Paragraph 24 of the Complaint, Defendants admit the allegations.

_____

**DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT -3**

25. With respect to Paragraph 25 of the Complaint, Defendants admit the allegations.

26. With respect to Paragraph 26 of the Complaint, Defendants admit the allegations.

27. With respect to Paragraph 27 of the Complaint, Defendants admit the allegations.

28. With respect to Paragraph 28 of the Complaint, Defendants admit the allegations.

29. With respect to Paragraph 29 of the Complaint, Defendants admit the allegations.

30. With respect to Paragraph 30 of the Complaint, Defendants admit the allegations.

31. With respect to Paragraph 31 of the Complaint, Defendants reallege and incorporate by reference all the allegations set forth above.

32. With respect to Paragraph 32 of the Complaint, Defendants admit the allegations.

33. With respect to Paragraph 33 of the Complaint, Defendants admit the allegations.

34. With respect to Paragraph 34 of the Complaint, Defendants admit the allegations.

35. With respect to Paragraph 35 of the Complaint, Defendants deny the allegations.

36. With respect to Paragraph 36 of the Complaint, Defendants admit the allegations.

37. With respect to Paragraph 37 of the Complaint, Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 37 of the Complaint and, therefore, deny the same.

38. With respect to Paragraph 38 of the Complaint, Defendants deny the allegations.

## PRAYER FOR RELIEF

39. Answering Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to the relief stated in paragraphs A through E, or any other relief.

## AFFIRMATIVE DEFENSES

40. In asserting the following defenses, Defendants do not assume the burden of proving any element thereof that any applicable case law, common law, statute, rule, regulation or other authority places upon Plaintiff.

## FIRST DEFENSE

41. Defendants deny each allegation contained in the Complaint that is not expressly and

_____

**DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT -4**

specifically admitted herein.

## SECOND DEFENSE

42. The Complaint fails to state a claim under which relief can be granted, pursuant to Rule 7012(b)(6) of the Rules of Bankruptcy Procedure and any other applicable provision of law.

## THIRD DEFENSE

43. The Debtors were not insolvent when the Charging Order occurred.

## REQUEST FOR ATTORNEY'S FEES

44. Defendants have been required to retain legal counsel to defend against Plaintiff's Complaint. Defendants request an award of the costs and attorney's fees he incurs in defending against this action, pursuant to Idaho Code §§ 12-120 and 12-121.

## RESERVATION

45. This case has only recently been initiated. Therefore, Defendants reserve, among other things, the right to amend this pleading and assert any additional claims, counterclaims, cross-claims or defenses available.

## DEMAND FOR A JURY TRIAL

46. Defendant hereby demands a trial by jury under Rule 9015 of the Federal Rules of

47. Bankruptcy Procedure on all claims to which Defendant is entitled to a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff's Complaint be dismissed, and Plaintiff take nothing;

2. An award of the reasonable costs and fees, pursuant to Idaho Code §§ 12-120 and 12-121, and any other application provision, incurred in defending against Plaintiff's claims; and

3. For such further relief as this court deems just and equitable.

_____

**DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT -5**

RESPECTFULLY SUBMITTED this 19th day of April, 2021.

ROARK LAW OFFICES

*Holly Roark*

_____

Holly Roark, Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2021, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Defendants Bryan Storer, Storer and Miner, PLLC, an Idaho professional limited liability company, and Store & Associates holly@roarklawboise.com, courtnotices@roarklawoffices.com

Jeffrey Philip Kaufman on behalf of Plaintiff Kathleen A. McCallister
jpk@kam13trustee.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

/s/ *Holly Roark*

_____
Holly Roark

_____

**DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT -6**